IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| NATHAN MALAN,<br><br>Plaintiff,<br><br>v.<br><br>RKB INDUSTRIAL, INC. d/b/a KIMBER KABLE, an Idaho corporation, and RAY KIMBER, an individual,<br><br>Defendants. | ORDER AND MEMORANDUM DECISION DENYING MOTIONS TO DISMISS<br><br><br>Case No. 1:22-cv-00025-TC-DAO<br><br>Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

This case arises out of events that occurred in 2018, when Plaintiff Nathan Malan suffered a near-fatal mountain biking accident. After weeks in the hospital, Mr. Malan was terminated from his employment at RKB Industrial, Inc. d/b/a Kimber Kable ("RKB"), where he had worked for 32 years. Mr. Malan alleges that his termination and the process that led to his termination were in violation of the Americans with Disabilities Act ("ADA") (Am. Compl. ¶¶ 68-84, ECF No. 25).[1] On June 23, 2022, Mr. Malan filed a motion to amend his complaint to add four causes of action sounding in contract and quasi-contract: 1) promissory estoppel; 2) breach of an oral contract; 3) unjust enrichment (quantum meruit contract-in-law); and

---

[1] The two causes of action under the ADA are not at issue in the present motion.

1

4) breach of an implied contract (quantum meruit contract-in-fact) (ECF No. 15).  The amended complaint proposed to add as a new defendant Ray Kimber, the owner of Kimber Kable, in his individual capacity.  The new causes of action centered on allegations that Mr. Kimber promised Mr. Malan an ownership interest in the company, a promise that Mr. Malan alleged was broken when he was terminated from his employment.

RKB and Mr. Kimber agreed to the filing of the amended complaint (ECF No. 19), but now move to dismiss the four new causes of action (ECF Nos. 35 & 36).  They argue that the causes of action are not timely and that the amended complaint does not adequately plead the existence of a contract or promise between Mr. Kimber and Mr. Malan.  The court addresses these two arguments in turn.

**Statute of Limitations**

Both parties agree that Mr. Malan's causes of action are subject to a four-year statute of limitations under Utah Code Ann. § 78B-2-307.[2]  Mr. Malan filed his amended complaint on July 20, 2022 (ECF No. 23).  The Defendants argue that Mr. Malan's claims are untimely because: 1) the alleged promises were made decades ago; 2) the last discussion about Mr. Malan's potential ownership interest in the company occurred in April 2018 at the latest; and 3) Mr. Malan's last day working was on April 25, 2022 (before the accident), more than four years before Mr. Malan filed his amended complaint.  Additionally, the Defendants assert that the claims against Mr. Kimber do not relate back to Mr. Malan's original complaint because Mr.

---

[2] Utah Code Ann. § 78B-2-306 provides a three-year statute of limitations for actions against corporate stockholders or directors in their representative capacities as stockholders or directors. See Grosjean v. Ross, 572 P.2d 1383 (Utah 1977).  The Defendants have dropped their argument that this statute applies to actions against Mr. Kimber based on Mr. Malan's agreement that the claims against Mr. Kimber are in his individual capacity, not against him in his representative capacity as a director.

Kimber had no reason to believe he would be named as a defendant.

The court finds these arguments unpersuasive. "Generally, a cause of action accrues and the relevant statute of limitations begins to run 'upon the happening of the last event necessary to complete the cause of action.'" S & G Inc. v. Intermountain Power Agency, 913 P.2d 735, 740 (Utah 1996) (citations omitted). Thus, "[a] contract action ordinarily accrues at the time of breach[,]" not at the formation of the contract. Id. According to the amended complaint, the breach of the alleged oral contract between Mr. Malan and Mr. Kimber occurred on July 25, 2018, the date on which Mr. Malan was terminated from employment.³ Mr. Malan's claim for breach of an oral contract is therefore timely. Similarly, the statute of limitations for Mr. Malan's promissory estoppel claim did not begin to run until the alleged promise was broken—again, at the termination of Mr. Malan's employment.

The quantum meruit claims, which constitute an alternative theory of liability should Mr. Malan be unable to demonstrate that there was an enforceable oral contract, are also premised on Mr. Malan's termination. "Quantum meruit is an equitable tool that allows a plaintiff to receive restitution for the reasonable value of services provided to the defendant." Emergency Physicians Integrated Care v. Salt Lake Cnty., 167 P.3d 1080, 1083 (Utah 2007). The Defendants argue that the services provided by Mr. Malan to RKB ended on his last day of work before his injury, citing a case in which the Utah Court of Appeals held that the statute of limitations for a quantum meruit claim for construction work began on the last day that work was done with a bulldozer. See Bartel v. Hill, No. 20001012-CA, 2002 WL 1000177, at *1 (Utah Ct.

---

³ Mr. Malan attempted to return to work on July 25, 2018, and at that time received a termination letter dated July 19, 2018. But Mr. Malan alleges that this termination letter was never mailed (Am. Compl. ¶ 65). Therefore, the court finds that the relevant date of termination is July 25, 2018, the date when Mr. Malan received the termination letter.

App. May 16, 2002). But Mr. Malan is not asking for back wages from unpaid work. Rather, he alleges that he increased the value of the company through his long employment, becoming the senior employee in 1995 (Am. Compl. ¶¶ 108-09). This additional value would not have come to an end until Mr. Malan's termination. Indeed, Mr. Malan has submitted evidence that the company did not inform clients that Mr. Malan was no longer an employee until several months after his accident. See Mem. Opp'n Mot. Dismiss, ECF No. 38 at Ex. B (away message text dated May 31, 2018, stating that Mr. Malan's email was "still active and being monitored on a daily basis" but that "responses might be slower than what you have come to expect from Nate"). The court therefore finds that the quantum meruit causes of action were timely filed.

Because Mr. Malan timely filed all four of the new causes of action in his amended complaint, the court need not address the parties' remaining arguments (namely, whether the amended complaint relates back to the original complaint and whether the Defendants waived their objections to the amended complaint).

**Existence of an Oral Contract**

Even if the amended complaint was timely filed, Defendants argue that the court should dismiss Mr. Malan's cause of action for breach of an oral contract because the terms of that contract are not sufficiently definite or capable of enforcement. To survive a motion to dismiss, a breach of contract claim "must include allegations of when the contract was entered into by the parties, the essential terms of the contract at issue, and the nature of the defendant's breach." Am. W. Bank Members, L.C. v. State, 342 P.3d 224, 231 (Utah 2014) (citing Utah R. Civ. P., Forms 4 & 5). Here, the amended complaint specifies that the contract was entered into during a meeting in 1992, when Mr. Malan alleges that he agreed to give up going to college to keep working for the company in exchange for an eventual ownership interest and a salary increase

(Am. Compl. ¶¶ 20-27).  Furthermore, the nature of the breach is clear: Mr. Malan alleges he was fired without ever receiving an ownership interest (Am. Compl. ¶ 105).  Nevertheless, the Defendants argue that the 1992 meeting was merely an unenforceable "agreement to agree[,]" see Brown's Shoe Fit Co. v. Olch, 955 P.2d 357, 362 (Utah Ct. App. 1998), and ask the court to dismiss Mr. Malan's breach of oral contract claim for failure to specify the following essential contract terms: 1) the date by which Mr. Kimber would transfer an ownership interest to Mr. Malan; and 2) the percentage of ownership interest that Mr. Malan would receive.

The court finds that Mr. Malan has adequately alleged that the date by which he would receive his ownership interest was on or before Mr. Kimber's retirement or death.  See, e.g., Am. Compl. ¶ 30 (alleging that Mr. Kimber reiterated the ownership promise in the context of a statement that he had no heirs to take over the company); Malan Decl. ¶¶ 8-11, ECF No. 38-1 (averring that Mr. Kimber said Mr. Malan would be written into Mr. Kimber's will to ensure part ownership).  As for the percentage of ownership, "[a] contract may be enforced even though some contract terms may be missing or left to be agreed upon[.]" Nielsen v. Gold's Gym, 78 P.3d 600, 602 (Utah 2003) (citation omitted).  To succeed on his claim, Mr. Malan will eventually need to demonstrate that "the essential terms are [not] so uncertain that there is no basis for deciding whether the agreement has been kept or broken[.]"  Id.  But it would be premature to dismiss Mr. Malan's claim at this stage when he has plausibly pled the existence of an oral contract.  Cf. Ostler v. Dep't of Pub. Safety, 505 P.3d 1119, 1124 (Utah Ct. App. 2022) ("When a case turns on the interpretation of a contract, an amended complaint will withstand a motion to dismiss if the operative contract language is ambiguous."); see also LD III, LLC v. BBRD, LC, 221 P.3d 867, 871 (Utah Ct. App. 2009) (quoting O'Hara v. Hall, 628 P.2d 1289, 1291 (Utah 1981)) ("Whether the parties had a meeting of the minds sufficient to create 'a

5

binding contract is … an issue of fact.'").

## ORDER

Because the court finds that Mr. Malan timely pled his additional causes of action and adequately pled the existence of an oral contract or promise, the Defendants' motions to dismiss (ECF Nos. 35 & 36) are DENIED.

SO ORDERED this 10th day of May, 2023.

BY THE COURT:

Tena Campbell
U.S. District Court Judge