UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| NATHAN MALAN,<br><br>    Plaintiff,<br><br>v.<br><br>RKB INDUSTRIAL, INC., and RAY KIMBER,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINES (DOC. NO. 53)**<br><br>Case No. 1:22-cv-00025<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

    Defendants RKB Industrial, Inc. and Ray Kimber filed a Motion to Extend Discovery Deadlines,[1] which seeks extensions of fact discovery, expert discovery, and the deadline to file dispositive motions. Plaintiff Nathan Malan opposes any extension of discovery, arguing the motion was untimely and prejudicial where it was filed on the day dispositive motions were due.[2]

    Defendants' motion is granted in part and denied in part. As explained below, the motion was filed after the close of all discovery, and Defendants have not demonstrated reopening discovery is warranted. Therefore, Defendants' request to extend discovery deadlines is denied. However, Defendants have shown good cause for a short extension of the dispositive motion deadline. The deadline for Defendants to file a dispositive motion shall be fourteen days from

---

[1] ("Mot.," Doc. No. 53.)

[2] (Mem. Opposing Defs.' Mot. to Extend Disc. ("Opp'n"), Doc. No. 60.)

the date of this order. If a further extension of this deadline is warranted, a new motion for extension may be filed.

## BACKGROUND

Mr. Malan filed this action against his former employer RKB Industrial, Inc. in February 2022, alleging he was wrongfully terminated after he was injured in a cycling accident.[3] Mr. Malan later added claims against RKB Industrial's owner, Ray Kimber.[4]

An initial scheduling order was entered in May 2022, setting the close of fact discovery in November 2022.[5] That deadline has been extended twice based on the parties' stipulated motions.[6] Under the current scheduling order, fact discovery closed on March 31, 2023, expert discovery closed on May 5, 2023, and the deadline for filing dispositive motions and motions to exclude expert testimony was May 15, 2023.[7] A four-day trial is set for January 29, 2024.[8]

According to Defendants' motion, a doctor, Pierre Zabel, performed an independent medical examination of Mr. Malan in connection with Mr. Malan's application for social security disability insurance ("SSDI") benefits, shortly after his termination in 2018.[9]

---

[3] (Compl., Doc. No. 2.)

[4] (*See* Am. Compl., Doc. No. 23.)

[5] (Scheduling Order, Doc. No. 14.)

[6] (*See* First Am. Scheduling Order, Doc. No. 29; Second Am. Scheduling Order, Doc. No. 44.)

[7] (Second Am. Scheduling Order, Doc. No. 44.)

[8] (First Am. Scheduling Order, Doc. No. 29.) Defendants' motion erroneously states that no trial has been set. (Mot. 2, Doc. No. 53.) As set forth in the First Amended Scheduling Order, a trial is scheduled for January 2024. (*See* Doc. No. 29.) Although the Second Amended Scheduling Order modified some deadlines, it expressly stated the trial dates and trial-related deadlines remained unchanged. (*See* Doc. No. 44.)

[9] (Mot. 3, Doc. No. 53.)

Defendants indicate they "became aware of" Dr. Zabel in January 2023, and they received Mr. Malan's SSDI application records in February 2023.[10]  Defendants deposed Mr. Malan on February 23, 2023, and his wife on March 14, 2023.[11]  Defendants disclosed Dr. Zabel as an expert witness on April 7—the deadline for expert witness disclosures for parties bearing the burden of proof—and produced his 2018 examination report.[12]  The deadline for burden-of-proof expert reports was April 21, 2023,[13] but Defendants did not produce any other report.  On April 13, Mr. Malan's counsel requested to schedule Dr. Zabel's deposition for May 3, 4, or 5.[14]  Receiving no response, Mr. Malan's counsel issued a deposition notice for May 3.[15]  Defendants' counsel then indicated Dr. Zabel was not available for a deposition before the May 5 close of expert discovery.[16]

---

[10] (*Id.*)  Mr. Malan, on the other hand, contends the SSDI documents were produced in December 2022.  (Opp'n 7 n.4, Doc. No. 60.)

[11] (Mot. 3, Doc. No. 53.)

[12] (*Id.*; *see also* Second Am. Scheduling Order, Doc. No. 44.)  The parties appear to agree that the burden-of-proof expert deadlines apply to Dr. Zabel.  (*See* Mot. 3, Doc. No. 53; Opp'n 8, Doc. No. 60.)  Although Defendants offer no explanation, Mr. Malan surmises Defendants intend to use Dr. Zabel to support an affirmative defense that Mr. Malan was not a qualified individual because his medical condition prevented him from working.  (*See* Opp'n 8, Doc. No. 60.)

[13] (*See* Second Am. Scheduling Order, Doc. No. 44.)

[14] (Opp'n ¶ 12, Doc. No. 60.)

[15] (*Id.*)

[16] (*Id.*; *see also* Mot. 4, Doc. No. 53.)

On May 8, 2023, one of Defendants' attorneys had a family medical crisis.[17] On May 11, Defendants' counsel asked Mr. Malan's counsel to stipulate to a two-week extension of the dispositive motion deadline, and Mr. Malan's counsel agreed.[18]

On the May 15, 2023 deadline, Mr. Malan filed a motion for partial summary judgment on his wrongful termination claim and a motion to exclude testimony from Dr. Zabel.[19] The same day, Defendants filed the instant motion to extend fact discovery, expert discovery, and the deadline for filing dispositive motions by several months.[20]

## LEGAL STANDARDS

Rule 16 of the Federal Rules of Civil Procedure provides a scheduling order "may be modified only for good cause and with the judge's consent."[21] A party seeking to amend a scheduling order must "show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."[22] Relevant factors for courts to consider in determining whether good cause exists to reopen discovery include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for

---

[17] (Mot. 4, Doc. No. 53.)

[18] (Opp'n ¶ 14, Doc. No. 60; *see also* Mot. 4, Doc. No. 53.)

[19] (Pl.'s Mot. for Partial Summ. J., Doc. No. 54; Pl.'s Mot. to Exclude Defs.' Expert Testimony, Doc. No. 57.)

[20] (*See* Mot., Doc. No. 53.)

[21] Fed. R. Civ. P. 16(b)(4).

[22] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (alteration in original) (internal quotation marks omitted) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

4

discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[23]

Rule 6 permits a court to grant extensions for "good cause,"[24] but if the motion is made after the deadline has expired, the party must also show it "failed to act because of excusable neglect."[25]

ANALYSIS

### A. Fact Discovery Deadline

Defendants seek to extend the fact discovery deadline to May 31, 2023.[26] Although fact discovery closed on March 31, Defendants' motion (filed on May 15) states "[f]act discovery is nearly complete"—suggesting discovery is ongoing.[27] Defendants explain "the deposition of the last medical provider is set for May 18, 2023 and Defendants have an outstanding subpoena to AT&T for telephone records that AT&T did not produce in response to Defendants' first subpoena."[28]

Mr. Malan opposes Defendants' request to extend fact discovery as untimely and prejudicial.[29] While Mr. Malan does not address the May 18 deposition, he notes the second

---

[23] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4 (D. Utah June 9, 2021) (unpublished) (applying these factors to a motion to reopen discovery).

[24] Fed. R. Civ. P. 6(b)(1).

[25] Fed. R. Civ. P. 6(b)(1)(B).

[26] (Mot. 2, Doc. No. 53.)

[27] (*Id.*)

[28] (*Id.*)

[29] (Opp'n 6–11, Doc. No. 60.)

AT&T subpoena was issued after the close of fact discovery, and he states he objected to it as untimely.[30] Mr. Malan has since filed a motion to quash the subpoena.[31] Mr. Malan argues Defendants have not been diligent in pursuing discovery, and reopening discovery would be prejudicial where Mr. Malan has already moved for partial summary judgment based on the existing record.[32]

Although Defendants' motion suggests fact discovery is ongoing, parties are not permitted to unilaterally continue conducting discovery after the deadline without seeking the court's leave.[33] Under the current scheduling order, fact discovery closed on March 31. Defendants did not move to extend fact discovery until six weeks after that deadline had passed—and on the day dispositive motions were due. Thus, Defendants' motion is properly treated as one to reopen fact discovery.

Defendants have not demonstrated good cause to reopen fact discovery at this stage. As an initial matter, Defendants fail to adequately explain what fact discovery they are seeking to complete. They mention a deposition and a subpoena, but they do not identify what testimony, information, or documents they are seeking—and they do not state whether they intend to conduct any other discovery. Further, Defendants fail to explain why the deposition and subpoena (or any other fact discovery they intend to conduct) could not be completed within the existing deadlines.

---

[30] (*Id.* ¶ 13.)

[31] (Pl.'s Short Form Disc. Mot. to Quash Subpoena to AT&T, Doc. No. 61.)

[32] (Opp'n 7–9, Doc. No. 60.)

[33] *See* Fed. R. Civ. P. 16(b)(4).

Applying the factors set forth above, nearly all weigh against reopening fact discovery. The first factor weighs in Defendants' favor, as a trial is not imminent—although granting all of Defendants' proposed extensions would likely require pushing back the scheduled trial date. But the other factors weigh against Defendants' request. Defendants have not demonstrated they were diligent in obtaining discovery under the existing schedule, or that the additional discovery they seek was unforeseeable. The fact discovery deadline was extended twice, and Defendants do not explain why depositions could not be completed or subpoenas issued before the extended deadline. Further, they fail to provide sufficient information to support a finding that the discovery they are seeking is relevant. Finally, the request is opposed, and Mr. Malan will be prejudiced if fact discovery is extended or reopened after he has already timely filed a summary judgment motion based on the existing record. Considering all these factors, Defendants have not demonstrated good cause to reopen fact discovery at this stage.

For these reasons, Defendants' request to extend fact discovery is denied.

### B. Expert Discovery Deadlines

Defendants seek to extend the deadlines for expert disclosures, expert reports, and expert discovery by approximately three months.[34] Defendants argue there was insufficient time under the current schedule for Dr. Zabel to review Mr. Malan's deposition testimony and medical records and to provide a "supplemental report" by April 7, 2023.[35] Defendants contend Dr. Zabel's schedule made it difficult to coordinate with him, and he was not available for a

---

[34] (Mot. 2, Doc. No. 53.)

[35] (*Id.* at 3.)

deposition before the May 5 expert discovery deadline.[36] Defendants seek extensions of expert deadlines to allow Dr. Zabel to "provide a comprehensive report in supplement to" the 2018 examination report, and to prepare for a deposition.[37] Mr. Malan opposes the request to extend expert deadlines as untimely and prejudicial.[38]

Defendants have not demonstrated good cause to reopen expert discovery, or to extend expert disclosure and reporting deadlines which have already passed. As an initial matter, Defendants misstate the current expert report deadline: although expert disclosures were due April 7, expert reports were not due until April 21.[39] This report deadline was nearly two months after Mr. Malan's February 23 deposition. Defendants fail to explain why this timeframe was insufficient to allow Dr. Zabel to review the evidence and provide a report.

More generally, Defendants have not demonstrated diligent efforts to meet the existing expert deadlines. The need for expert testimony regarding Mr. Malan's medical condition was foreseeable out the outset of the case, given the nature of Mr. Malan's claims and allegations. Although Defendants complain of a short turnaround between Mr. Malan's deposition and the expert report deadline, Defendants chose to depose Mr. Malan near the end of fact discovery, after two extensions. Defendants could have deposed Mr. Malan earlier to give an expert more

---

[36] (*Id.* at 3–4.)

[37] (*Id.*)

[38] (Opp'n 6–11, Doc. No. 60.)

[39] (*See* Second Am. Scheduling Order, Doc. No. 44.) As noted, the parties appear to agree that the burden-of-proof expert deadlines apply to Dr. Zabel (rather than the counter report deadline). (*See* Mot. 3, Doc. No. 53; Opp'n 8, Doc. No. 60.) But regardless of which deadlines apply, Defendants filed this motion after all expert deadlines had passed.

time to review the evidence and prepare a report. Thus, Defendants fail to show the existing deadlines could not be met despite diligent efforts.

Finally, even assuming more time was needed for Dr. Zabel to prepare a report, Defendants do not explain why they waited until *after* the deadlines for expert reports and discovery had passed, and until the day dispositive motions were due, to seek extensions. Because they offer no reason for their delay, Defendants have not shown excusable neglect for failing to seek extensions until after the expert deadlines had passed.

For these reasons, Defendants' request to extend expert deadlines is denied.[40]

### C. Dispositive Motion Deadline

Defendants seek to extend the deadline to file dispositive motions by nearly five months, due to Defendants' counsel's family emergency on May 8 and to accommodate their proposed discovery extensions.[41] Although the discovery extensions are denied, good cause supports a short extension of the dispositive motion deadline due to counsel's family emergency, which began one week before dispositive motions were due.[42] Defendants moved for an extension before the deadline expired, and Mr. Malan indicated he did not oppose the two-week extension Defendants initially proposed.[43] Accordingly, Defendants' request for an extension of the dispositive motion deadline is granted in part, and Defendants' deadline to file a dispositive

---

[40] Mr. Malan's motion to exclude Dr. Zabel's testimony includes an alternative request for an opportunity to depose Dr. Zabel if his testimony is not excluded. (*See* Pl.'s Mot. to Exclude Defs.' Expert Testimony 3, Doc. No. 57.) This order does not preclude Mr. Malan from pursuing this request.

[41] (Mot. 2, 4–5, Doc. No. 53.)

[42] (*See id.* at 4.)

[43] (*See* Opp'n ¶ 14, Doc. No. 60.)

motion is extended to fourteen days after the date of this order.  If counsel's family emergency or other circumstances warrant a further extension of this deadline, a new motion for extension may be filed.[44]

## CONCLUSION

Defendants' motion[45] is granted in part and denied in part.  The motion is denied as to the request to extend discovery deadlines.  The motion is granted in part as to the request to extend the deadline to file dispositive motions.  The deadline for Defendants to file a dispositive motion shall be fourteen days from the date of this order.  If a further extension of this deadline is warranted, a new motion for extension may be filed.

DATED this 23rd day of May, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[44] Defendants' motion indicates that as of the date of filing (May 15), the family medical crisis of Defendants' counsel was ongoing.  (Mot. 4, Doc. No. 53.)

[45] (Doc. No. 53.)