UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| NATHAN MALAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RKB INDUSTRIAL, INC., and RAY KIMBER,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO EXTEND TIME TO DEPOSE DR. PIERRE ZABEL AND ISSUE SECOND SUBPOENA TO AT&T (DOC. NO. 65)**<br><br>Case No. 1:22-cv-00025<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Defendants RKB Industrial, Inc. and Ray Kimber move to reopen fact discovery and expert discovery to permit a deposition of an expert witness, Dr. Pierre Zabel, and a second subpoena to AT&T.[1] The court construes this as a motion to reconsider the May 23, 2023 order denying Defendants' prior request for essentially the same relief.[2] Because Defendants have not demonstrated grounds to reconsider the prior order, their motion is denied.

A motion for reconsideration is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law."[3] Grounds for reconsideration include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the

---

[1] ("Mot.," Doc. No. 65.)

[2] (*See* Mem. Decision and Order Granting in Part and Den. in Part Defs.' Mot. to Extend Disc. Deadlines ("Order on Mot. to Extend Disc. Deadlines"), Doc. No. 62.) The prior motion was granted in part and denied in part; the court granted Defendants' request to extend the dispositive motion deadline but denied the request to reopen fact and expert discovery.

[3] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

1

need to correct clear error or prevent manifest injustice."[4] But a motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[5]

Defendants filed their prior motion on May 15, 2023—after fact discovery and expert discovery had closed, and on the date dispositive motions were due.[6] In the May 23 order, the court found the applicable factors weighed against reopening discovery, noting Defendants had not demonstrated diligence in obtaining discovery under the existing schedule, nor had they shown the additional discovery sought (including Dr. Zabel's deposition and the AT&T subpoena) was unforeseeable.[7] The court also found Defendants failed to demonstrate excusable neglect, noting they did not offer valid reasons for waiting until after discovery deadlines had passed before seeking extensions.[8]

Defendants have not shown the court misapprehended the facts, a party's position, or the controlling law in reaching these conclusions. With respect to Dr. Zabel, Defendants contend the deposition could not be taken before the expert discovery deadline due to Dr. Zabel's schedule, and they argue their delay is justified because the parties had previously agreed to conduct other depositions after the close of fact discovery.[9] But these are the same arguments Defendants

---

[4] *Id.*

[5] *Id.*

[6] (*See* Defs.' Mot. to Extend Disc. Deadlines, Doc. No. 53; *see also* Second Am. Scheduling Order, Doc. No. 44.)

[7] (*See* Order on Mot. to Extend Disc. Deadlines 5–9, Doc. No. 62 (applying the five factors set out in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).)

[8] (*See id.* at 9.)

[9] (*See* Mot. 2–3, Doc. No. 65.)

raised in the prior motion,[10] which the court expressly considered and rejected.[11]  These arguments do not provide grounds for reconsideration of the prior order.

With respect to the AT&T subpoena, Defendants offer a more detailed explanation of their efforts to obtain records from AT&T, as well as arguments regarding the relevance of the records.[12]  However, this is not new information previously unavailable to Defendants; indeed, all the facts and arguments in this motion could have been presented in their prior motion.  Thus, this information does not constitute grounds to reconsider the prior order.

In any event, the more detailed timeline provided by Defendants only further undermines their claim of diligence.  According to Defendants, AT&T responded to their first subpoena on March 6, 2023—nearly four weeks before the March 31 close of fact discovery.[13]  Defendants later discovered some records were missing and sought to issue a second subpoena to AT&T after the close of fact discovery.[14]  But Defendants offer no valid justification for their failure to review the records and address this issue in the weeks before discovery closed.  Moreover, Defendants do not explain why they waited until May 15—a month and a half after the close of fact discovery and the day dispositive motion were due—to move for an extension.  Under these

---

[10] (*See* Defs.' Mot. to Extend Disc. Deadlines 4, Doc. No. 53 (stating "Dr. Zabel was not available for deposition before the expert discovery deadline"); *id.* at 2 (noting another deposition was scheduled after the fact discovery deadline).)

[11] (*See* Order on Mot. to Extend Disc. Deadlines 6, Doc. No. 62 (noting the "parties are not permitted to unilaterally continue conducting discovery after the deadline without seeking the court's leave"); *id.* at 7–8 (addressing the arguments regarding Dr. Zabel's schedule).

[12] (*See* Mot. 3–4, 7–8, Doc. No. 65.)

[13] (*See id.* at 3; *see also* Second Am. Scheduling Order, Doc. No. 44.)

[14] (*See id.*)

circumstances, even considering the more detailed information presented in this second motion, Defendants have not demonstrated good cause to reopen fact discovery to allow a second subpoena to AT&T.

## CONCLUSION

For all these reasons, Defendants have not demonstrated reconsideration of the prior order denying Defendants' request for discovery extensions is warranted.[15]  Defendants' motion[16] is denied.

DATED this 16th day of June, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[15] This order does not address Defendants' arguments regarding whether Dr. Zabel's testimony should be excluded.  That issue is the subject of Plaintiff's motion to exclude Dr. Zabel's testimony, (Doc. No. 57), and any arguments on that issue must be raised in response to Plaintiff's motion.

[16] (Doc. No. 65.)