IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| NATHAN MALAN,<br><br><br>Plaintiff,<br><br><br><br>v.<br><br><br><br>RKB INDUSTRIAL, INC. d/b/a KIMBER KABLE, an Idaho corporation, and RAY KIMBER, an individual,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION TO EXCLUDE EXPERT TESTIMONY**<br><br><br>Case No. 1:22-cv-00025-TC-DAO<br><br><br>Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Plaintiff Nathan Malan moves the court to exclude the expert testimony of Dr. Pierre

Zabel, an expert witness that Defendants RKB Industrial, Inc. d/b/a/ Kimber Kable ("RKB") and

Ray Kimber disclosed on April 7, 2023—the deadline for the required disclosure.  (ECF No. 57.)

Attached to this disclosure were a copy of Dr. Zabel's curriculum vitae and a 7-page document

containing the results of a medical evaluation of Mr. Malan that Dr. Zabel performed in

connection with Mr. Malan's application for Social Security disability benefits.  (Id. at 9, 14.)  In

its expert disclosure, RKB stated that "Dr. Zabel reviewed all medical records provided to him

by Social Security Disability Determination Services, which included medical records from St.

Mary's Hospital and IHC [Intermountain Healthcare]."  (Id. at 7.)  The disclosure asserted that

"Dr. Zabel also will be provided with all additional medical records produced by IHC in

1

association with the subpoenas and depositions issued to third-party medical providers …." (Id.)

The Defendants did not produce any other report by April 21, 2023, the deadline for expert

reports.  The Defendants also failed to make Dr. Zabel available for a deposition before the close

of expert discovery on May 5, 2023.

On May 15, 2023, the deadline for filing dispositive motions, Mr. Malan filed the present

motion to exclude Dr. Zabel's expert testimony.  On the same day, the Defendants filed a motion

to extend fact discovery, expert discovery, and the deadline for filing dispositive motions.  (ECF

No. 53.)  Other than a short extension of the deadline for dispositive motions, the court denied

the Defendants' motion.  (ECF No. 62.)  The court found that the Defendants "ha[d] not

demonstrated diligent efforts to meet the existing expert deadlines" and "ha[d] not shown

excusable neglect for failing to seek extensions until after the expert deadlines had passed." (Id.

at 8-9.)  On June 16, 2023, the court denied Defendants' motion to reconsider its ruling.  (ECF

No. 74.)

The court has therefore made it clear that it will not allow further expert or fact discovery

in this matter.  It remains for the court to determine whether Dr. Zabel's purported expert report

(i.e., the 7-page medical evaluation) that the Defendants have already filed complies with Federal

Rule of Civil Procedure 26(a)(2)(B), concerning the written report requirements for retained

experts, or Rule 26(a)(2)(C), concerning the requirements for other expert witnesses.  The court

finds that it does not.

Rule 26(a)(2)(B) requires a written report from any retained experts to contain "a

complete statement of all opinions the witness will express and the basis and reasons for them"

as well as "the facts or data considered by the witness in forming" these opinions.  Fed. R. Civ.

P. 26(a)(2)(B)(i)-(ii).  While not requiring a written report, Rule 26(a)(2)(C) states that other

expert witness must provide a disclosure that includes "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(ii).

The 2018 medical evaluation that Dr. Zabel performed does not meet these requirements. While conducted for the purpose of making a Social Security disability determination and not for the purpose of treatment, the court finds that Dr. Zabel's evaluation is a type of medical record. This court, and others, have found that medical records, without more, do not satisfy the Rule 26 requirements.  See Kirkbride v. Terex USA, LLC, No. 2:10-cv-660-TC-EJF, 2013 WL 4854455, at *1 (D. Utah Sept. 11, 2013) (listing cases holding that reference to medical records alone does not satisfy Rule 26).

Moreover, while Defendants contend that Dr. Zabel reviewed the medical records provided by Social Security Disability Determination Services, these records do not form part of the purported expert report.  The evaluation therefore does not include "the facts or data considered by the witness in forming" his opinions.  Fed. R. Civ. P. 26(a)(2)(B)(ii).  For instance, Dr. Zabel's evaluation lists a diagnosis of "[t]raumatic brain injury" in Mr. Malan's past medical history, see ECF No. 57 at 16, without indicating from where this diagnosis was derived.  Similarly, the evaluation does not contain a summary of any opinions to which Dr. Zabel is expected to testify.  See Fed. R. Civ. P. 26(a)(2)(C)(ii).

The Defendants also claim that Dr. Zabel will be provided with all additional medical records, but the court has held that it is too late for the Defendants to provide an expert report based on that review.

The court therefore grants the Plaintiff's motion to exclude Dr. Zabel's expert testimony. This order does not prevent the Defendants from calling Dr. Zabel as a fact witness, although the court defers ruling on the permitted scope of such testimony until that issue is properly before the

court.

## ORDER

For the foregoing reasons, the Plaintiff's Motion to Exclude the Expert Testimony of Dr.

Pierre Zabel (ECF No. 57) is GRANTED.

SO ORDERED this 23rd day of June, 2023.

BY THE COURT:

Tena Campbell
United States District Judge

4